UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN G. LOPEZ,

    Petitioner,

v.  CASE NO. 6:12-cv-1287-Orl-40KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 15).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 18).  Petitioner filed a reply (Doc. No. 22) to the response.

Petitioner alleges six claims for relief in his habeas petition:  (1) trial counsel was ineffective for failing to call certain witnesses at trial and for failing to secure his presence at the deposition of certain witnesses (claim one); (2) trial counsel was ineffective for failing to object when a juror was sleeping during trial (claim two); (3) trial counsel was

ineffective for failing to object to when the jury was not provided with instructions on aggravated battery and battery (claim three); (4) trial counsel was ineffective for failing to object when the trial court improperly instructed the jury on excusable attempted homicide (claim four); (5) trial counsel was ineffective for failing to raise an objection to the foreign consular not being notified of his arrest (claim five); and (6) trial counsel was ineffective for failing to object to the trial court instructing the jury on attempted second degree murder (claim six).[1]

## I.     *Procedural History*

The State charged Petitioner by information with attempted first degree murder with a firearm (count one) and aggravated assault with a firearm (count two).  A jury found Petitioner guilty of the lesser included offense of attempted second degree murder in count one and not guilty as to count two.  The trial court adjudicated Petitioner guilty of attempted second degree murder and sentenced him to imprisonment for a term of twenty-five years.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising six claims.  The trial court then entered an order striking claims 1(a), 1(b), and 6(a) and allowing Petitioner to amend those claims.

---

[1]As to claims three and four, Petitioner actually styled these claims as "the state court decision was an unreasonable application of clearly established federal law."

Petitioner amended the claims, and the trial court held an evidentiary hearing on the Rule 3.850 motion. After the hearing, the trial court entered an order denying the Rule 3.850 motion. Petitioner, through counsel, appealed the denial, and the state appellate court affirmed the denial *per curiam*.

During the pendency of the Rule 3.850 appeal, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, which the trial court denied. The state appellate court appealed the denial *per curiam*.

## II.    Legal Standards

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

>   (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

---

[2]**Error! Main Document Only.**In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

*B.    Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

> not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.  *Analysis*

#### A.  *Claim One*

Petitioner argues that trial counsel was ineffective for failing to call certain witnesses at trial and for failing to secure his presence at the deposition of certain witnesses. He alleges that (1) counsel failed to call Larry, Tito Gonzalez, and Dr. Howard Smith to testify at trial, and (2) counsel failed to secure his presence at the depositions of Francisco Portes and the victim. This claim was raised in Petitioner's Rule 3.850 motion and was denied.

##### 1.  *Factual Background*

The victim, Orlando Rosario, took his son to a barber shop owned by Francisco Portes. Several other family members and friends had also brought their children to the same barber shop for haircuts. Rosario went to the back of the shop where some of his friends were smoking marijuana. Portes smelled the smoke and asked Petitioner, who was his nephew, to go out back and ask them to stop.

6

An argument and a physical fight ensued between Petitioner, Rosario, and Rosario's friends. Portes came out and broke up the fight, and Petitioner left the scene briefly. When Petitioner returned to the scene, he was armed with a revolver. Rosario rushed Petitioner to take the gun away, and the gun discharged three times, striking Rosario in the leg, the back, and the arm.

2. *Issue One*

Petitioner alleges that Larry would have testified that "Petitioner was attempting to leave the area when he was attacked by the Victim a second time in an attempt at disarming him." *See* Doc. No. 15 at 8. He states that Gonzalez would have testified that Petitioner got the gun for protection; that Petitioner merely tried to scare off the assailants by displaying the gun; and that the assailants then attacked Petitioner. Petitioner contends that Dr. Smith would have testified that the victim's injuries did not rise to the level of "great bodily harm."

As to the alleged testimony of Larry and Gonzalez, Petitioner has not shown prejudice. After Portes broke up the fight, Petitioner left the scene of the fight and retrieved a gun. He then returned to the scene, confronted the victim, and eventually shot him.

Clearly, once Porter broke up the fight and Petitioner left the scene, Petitioner was not under any threat of death or great bodily harm. However, Petitioner then made the decision to return to the scene armed with a gun. The testimony of Larry and Gonzalez would not have supported his assertion of self-defense.

7

As to the alleged testimony of Dr. Smith, Petitioner has not shown prejudice. The victim was hospitalized for four days, underwent surgery to remove the bullet from his back, and received 50 stitches to close up the surgical wound. Moreover, he was again hospitalized due to complications from the surgery and continued to suffer from pain in his back, leg, and arm. Certainly, these injuries qualify as great bodily harm.

Further, the law does not favor ineffective assistance of counsel claims based on complaints of uncalled witnesses. *See Gasanova v. United States,* 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted). The presentation of witness testimony is essentially strategy, and it is, therefore, within trial counsel's domain. *Id.* Mere speculation as to the testimony an uncalled witness would have given is too uncertain. *Id.* A petitioner cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim. *Id.* In the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial. *Id.* To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial. *Id.* Here, Petitioner fails to meet the prejudice prong of *Strickland* since he has not demonstrated that the testimony of these witnesses would have been favorable or that these witnesses would have actually testified at trial.

As such, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

2.  *Issue Two*

Petitioner states that counsel failed to secure his presence at the depositions of Francisco Portes and the victim. However, Petitioner did not have the right to be present at these depositions. Florida Rule of Criminal Procedure 3.220(h)(7) provides that a defendant is not to be physically present at a deposition except by stipulation of the parties or on a showing of good cause. Further, he has not shown prejudice with regard to this matter.

Consequently, Petitioner has failed to demonstrate ineffective assistance of counsel, and Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this issue. As a result, claim one is denied.

B.  *Claim Two, Three, Four, Five, and Six*

Claims two, three, four, five, and six were raised in Petitioner's Rule 3.850 motion, but they were not raised in the appeal of the denial of the motion.[4] Respondents argue

---

[4] As to claims three and four, the Court further notes that, it is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state post-conviction proceeding does not constitute a cognizable claim for habeas corpus relief. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Carroll v. Secretary, DOC, Fl. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009) (holding that habeas petitioner's claim,

that these claims are procedurally barred, and Petitioner does not dispute that they are procedurally barred. *See* Doc. No. 22 at 1. In fact, Petitioner appears to abandon these claims. *Id*.

In any event, exhaustion requires that an appeal be taken from the denial of a post-conviction motion. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979); *Thompson v. Tucker*, No. 5:10CV186/MCR/EMT, 2012 WL 2891272 at *9 (N.D. Fla. June 12, 2012) ("to obtain appellate review of the federal claims raised in his summarily denied Rule 3.850 motion, he was required to raise and fully address the merits of those issues in his appellate brief.").[5] Any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, because a second appeal is unavailable, and any further attempt to raise the claims in another Rule 3.850 motion would be subject to dismissal as successive. *See* Fla. R. Crim. P. 3.850(f).

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[6] the second, which is a narrow one, is the "actually innocent"

---

that the state court violated his due process rights when it summarily denied his post-conviction claim without an evidentiary hearing, did not state a claim on which a federal court may grant habeas relief).

[5]Under Florida law, if an appellant files an initial brief on appeal from the summary denial of his Rule 3.850 motion, any issues not raised therein are deemed abandoned. *See Ward v. State*, 19 So. 3d 1060 (Fla. 5th DCA 2009).

[6]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992)

exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991). Petitioner fails to demonstrate cause and actual prejudice excusing his default. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Accordingly, these claims are procedurally defaulted, and they are barred from federal review. Thus, the Court denies these claims.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 15) filed by Juan G. Lopez is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

---

(the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

constitutional right.[7]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 18th day of July, 2014.

                        PAUL G. BYRON
                        UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 7/18
Juan G. Lopez
Counsel of Record

---

[7]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.